UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREEM HEDGE, :
      Plaintiff, :
 :
v. : CASE NO. 3:16-cv-575 (MPS)
 :
SCOTT SEMPLE, et al., :
      Defendants. :

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Kareem Hedge, commenced this civil rights action against Commissioner Scott Semple and Counselor Supervisor R. Digennaro.[1] He contends that defendant Digennaro violated his right of access to the courts when she delayed the mailing of a response to a court order causing a habeas corpus action filed in federal court in New York to be dismissed. The defendants move for summary judgment. For the reasons that follow, the defendants' motion is granted.

I.    Standard of Review

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009). The moving party may satisfy his burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per

---

[1] The plaintiff also included as defendant John Doe or Jane Doe. In the Initial Review Order filed on April 26, 2016, the Court ordered the plaintiff to identify the Doe defendant within twenty-one days and file an amended complaint explaining how he or she interfered with his right of access to the courts. The plaintiff was cautioned that failure to comply with the order would result in the dismissal of all claims against the Doe defendant. In over one year since that order was filed, the plaintiff has not identified the Doe defendant. Accordingly, all claims against John or Jane Doe are dismissed.

1

curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He must present such evidence as would allow a jury to find in his favor to defeat the motion for summary judgment. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). The nonmoving party "must offer some hard evidence showing that its version is not wholly fanciful." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).

II.    Facts[2]

At all times relevant to this action, the plaintiff was confined in a Connecticut correctional facility serving a Connecticut sentence. On November 7, 2013, the petitioner filed a petition for writ of habeas corpus in the U.S. District Court for the Eastern District of New York (the "Eastern District") challenging a New York state sentence.

On November 26, 2013, the Eastern District entered an Order to Show Cause directing the plaintiff to submit a written affirmation explaining why the petition should not be dismissed. In the affirmation, the plaintiff was directed to answer two simple questions: had he served the New York sentence, and were there factors to warrant equitable tolling of the one-year limitations period set forth in 28 U.S.C. § 2244(d). The plaintiff was cautioned that the affirmation had to be filed within thirty days from the date of the order, *i.e.*, by December 26, 2013. The order informed the plaintiff that if he did not timely file the affirmation, his petition would be dismissed.

The plaintiff gave his affirmation to Counselor Schaffer for mailing on December 29 or 30,

---

[2] The facts are taken from the defendants' Local Rule 56(a) Statements and attached exhibits as well as statements made on personal knowledge contained in plaintiff's verified complaint, which can be considered an affidavit for summary judgment purposes. *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993). The Court has also considered the factual assertions set forth in the late response to the motion for summary judgment filed by the plaintiff.

2013.[3]  The affirmation was not mailed and later was found to have been held by defendant Digennaro.  On January 14, 2014, the Eastern District dismissed the habeas petition without prejudice.

III.    Discussion

The plaintiff contends that the actions of defendant Digennaro violated his right of access to the courts.  In response, the defendants argue that the plaintiff cannot establish that he suffered an actual injury as a result of defendant Digennaro's actions.

To state a claim for denial of access to the courts, the plaintiff must demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 353 (1996).  To establish an actual injury, the plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts.  *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002).  The right of access to the courts "is ancillary to the underlying claim, without which [an inmate] cannot have suffered injury by being shut out of court."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Thus, to establish an actual injury, the plaintiff must show that his underlying claim was not frivolous and that his pursuit of that claim was frustrated by the defendants' actions.  *See id.*; *Lewis*, 518 U.S. at 351-54.  "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."  *Christopher*, 536 U.S. at 416.

The lawsuit at issue was a habeas corpus action, and the case was dismissed because the

---

[3] The plaintiff states in his verified complaint that he gave the affirmation to Counselor Schaffer on December 30, 2013. ECF No. 1 at 5. In his affidavit, he states that he gave it to her on December 29, 2013. ECF No. 34-2 at 1. As will be discussed below, the plaintiff also states that on December 15, 2013, he gave her a motion for extension of time and motion for appointment of counsel for filing in the federal habeas action.

affirmation was not timely filed. The defendants argue, however, that they were not responsible for the plaintiff's failure to timely file his affirmation. The court order directed the plaintiff to file the affirmation within thirty days from November 26, 2013, *i.e.*, on or before December 26, 2013, and stated that the petition would be dismissed if he did not do so. *See* Defs.' Mem. Attachment A, *Branker*[4] *v. New York*, No. 13-CV-6252(WFK), 2013 WL 6199986 (E.D.N.Y. Nov. 26, 2013), ECF No. 14-2 at 4. The plaintiff states in his verified complaint that he did not give the document to Counselor Schaffer for mailing until December 30, 2013 and states in his affidavit that he gave it to Counselor Schaffer on December 29, 2013. In either case, he did not give the document to Counselor Schaffer for mailing until at least three days after the deadline. Thus, by the plaintiff's own admission, his petition was subject to dismissal before any actions were taken by defendant Digennaro.

In opposition to the motion for summary judgment, the plaintiff states that, on December 15, 2013, he gave Counselor Schaffer an envelope containing motions for extension of time and appointment of counsel to be mailed to the Eastern district, but she did not mail the envelope. ECF No. 34-2 at 1 & 34-3 at 2. These motions were not responsive to the court's order in *Branker*. Even assuming that the court would have granted the motion for extension of time, however, this event does not demonstrate that the defendants caused the required actual injury.

Counselor Schaffer is not named as a defendant in this case. Although the plaintiff did include John or Jane Doe as a defendant, Counselor Schaffer cannot be the Doe defendant as the plaintiff was aware of her identity at the time he filed the complaint and referred to her in the complaint. The plaintiff has presented no evidence in opposition to the motion for summary judgment demonstrating that defendant Digennaro or defendant Semple had any involvement in the failure to mail the envelope given

---

[4] The petitioner was convicted in New York under the name Vernal Branker.

4

to Counselor Schaffer on December 15, 2013. Thus, the failure to mail that envelope does not demonstrate an actual injury caused by the actions of either defendant.

In addition, the Court notes that the plaintiff does not indicate that he filed a motion to reconsider or motion to reopen judgment in the *Branker* case explaining why the affirmation was late. *See Fraihat v. Cohen*, No. 06cv1452JM(BLM), 2008 WL 2690430, at *3 (S.D. Cal. July 2, 2008) (noting in denying claim for denial of access to the courts that plaintiff not shown actual injury because he was continuing to pursue a remedy by prosecuting an appeal of a denial of his motion to reopen). Nor does he indicate that he made any attempt to file a new federal habeas petition in New York after the first one was dismissed *without prejudice*. *See Harbury*, 536 U.S. at 415 ("[W]hen the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense *but not otherwise available in some suit that may yet be brought*. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.") (emphasis added). Thus, the actions of defendant Digennaro did not prevent the plaintiff from obtaining federal review of his claim or otherwise prejudice his federal habeas action. In addition, the plaintiff includes no allegations showing that defendant Semple was personally involved in this matter in any way or even that he knew of the plaintiff's habeas action or his difficulties in making filings with the court. Thus, the record is devoid of evidence showing that the actions of any defendant were responsible for the dismissal of his petition.

The defendants also contend that the plaintiff is unable to demonstrate an actual injury because his underlying claim is frivolous. The Eastern District explained that the petition appeared subject to dismissal for two reasons, the petitioner did not appear to be in custody on the New York state conviction and the petition was likely time-barred. *See* ECF No. 14-2 at 2. The court's order first

5

questioned whether the plaintiff was in custody under the New York sentence as he had been sentenced to a term of imprisonment of two-to-four years and did not file the federal petition until five years after the sentence was imposed. ECF No. 14-2 at 2–3. The "in custody" requirement is jurisdictional. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"). The burden is on the petitioner in a habeas corpus action to establish the court's jurisdiction. *See Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (noting that all jurisdictional requirements must be affirmatively stated in the record); *Portillo v. Bharara*, Nos. 09 Cr. 1142(RPP), 11 Cv. 3479(RPP), 2012 WL 1648403, at *3 (S.D.N.Y. May 10, 2012) (burden on petitioner to establish court's jurisdiction). In opposition to the motion for summary judgment, the plaintiff states that the New York sentence is to be served consecutive to his Connecticut sentence. ECF No. 34-2 at 2. Although the plaintiff submits no evidence that this is so and the Department of Correction website does not indicate that New York has lodged a detainer, the Court will accept the plaintiff's statement for purposes of this ruling.

Second, the Eastern District noted that the plaintiff had not filed the petition until three months after the limitations period had expired. The court noted that the plaintiff did not indicate in his petition that he had filed any collateral challenge to the New York state conviction that would toll the limitations period or identify any reason warranting equitable tolling. In his federal habeas petition, the plaintiff had noted only that his attorney had not told him that he could file a federal habeas action and that he had only recently learned about it. The Eastern District rejected this rationale, finding that ignorance of the law is not sufficient to warrant equitable tolling. ECF No. 14-2 at 3–4. *See Baldayaque v. United States*, 338 F.3d 145, 150-53 (2d Cir. 2003) (holding that attorney error alone does not warrant equitable tolling).

In opposition to the motion for summary judgment, the plaintiff contends that the actions of his attorney should warrant equitable tolling.  He states that, once the state court appeal was concluded, his attorney told him that he "had exhausted [his] relief in the N.Y. state courts" and "that no other relief or remedies could be sought anywhere else."  ECF No. 34 at 2.  The plaintiff did not accept this advice and asked his lawyer about a federal habeas action.  The attorney "said that I couldn't because the N.Y. federal courts didn't function the same way as the ones in CT, he also stated that they operated very differently."  *Id.*  Again, the plaintiff states that although he accepted the attorney's word, he continued to seek legal assistance from other lawyers "and agencies" in challenging his conviction.  *Id.*

The threshold for establishing equitable tolling in a habeas corpus action is high; it applies only in rare and exceptional circumstances.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold), *cert. denied*, 531 U.S. 840 (2000).  Attorney error generally does not constitute extraordinary circumstances to warrant equitable tolling unless the "attorney's behavior [is] so outrageous or so incompetent as to render it extraordinary."  *Robles v. Faneuff*, No. 3:16-cv-01208(JAM), 2017 WL 2604248, at *2 (D. Conn. June 14, 2017) (citations and internal quotation marks omitted).  For example, the Second Circuit has found extraordinary circumstances where an attorney affirmatively misled the petitioner by stating that he would file a petition but did not do so.  *See Dillon v. Conway*, 642 F.3d 358, 363–64 (2d Cir. 2011).  Here, although the attorney provided an inaccurate statement of the law, the plaintiff states that he ultimately did not rely on the attorney's assessment and continued to pursue other remedies.  The attorney's conduct is not so outrageous or incompetent as to render it extraordinary, and even if it was, it did not cause the delay because the plaintiff's statements show that he did not rely on the attorney's statements.  In short, this situation does not constitute a rare and extraordinary circumstance that would warrant equitable tolling.

In light of the deficiency, dismissal of the federal habeas petition was required.  The petitioner

7

failed to respond to the order, seek to reopen judgment, or file a new habeas petition in which he presented evidence demonstrating that the Eastern District had jurisdiction to entertain the petition or that the petition was timely filed. Thus, in addition to failing to submit any evidence that either defendant caused him any harm, the plaintiff has failed to submit any evidence suggesting that he suffered an actual injury to support a claim for denial of access to the courts.

IV.   Conclusion

Defendants' motion for summary judgment [**ECF No.14**] is **GRANTED**. The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Signed this 20th day of July 2017 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge